## McClurg *et al. versus* Schwartz *et al.*

1. Where a husband gives a mortgage upon his property and suffers judgment on the same, with intent to defraud his wife of her dower, and the mortgagees have constructive notice of her rights, she has a strong equity to be allowed to intervene, and to have a rule to show cause why the judgment should not be opened and she be let into a defence to the extent of her dower.

2. Her appeal, however, should be made to the equitable power of the court to allow her to defend *pro interesse suo* against the mortgage, and where therefore the wife petitioned the court below to set aside the judgment, and upon its refusal took a writ of error and assigned for error certain irregularities in the entry of the judgment on the scire facias, *Held*, that she had no right to assign these errors and her writ must be quashed.

3. *It seems*, that if the property under proceedings on the mortgage should pass into the hands of a bona fide purchaser, without notice of the fraud, the wife could not enforce her title against such purchaser. The sheriff's sale at law divested her dower.

November 6th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, and TRUNKEY, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1878, No. 204.

This was a writ of error sued out in the name of W. A. McClurg and Margaret McClurg, who intervenes *pro interesse suo*, plaintiffs in error, against James E. Schwartz, surviving executor of Jacob L. Schwartz, deceased, now for use of J. E. Schwartz and George S. Griscom, for use of estate of Jacob L. Schwartz, deceased.

The proceedings in the court below commenced with the petition of Margaret McClurg, widow of Alexander McClurg, dated June 19th 1878, which set forth in substance: that prior to January 2d 1840, Alexander McClurg, the petitioner's late husband, was seised of the legal and equitable title to certain property on the north side of Fifth avenue, in the city of Pittsburgh; that on the 2d of January 1840, he conveyed said property to William T. McClurg, in trust, to sell the same and apply the proceeds of sale to the payment of certain debts; that on the 22d of January 1853, William T. McClurg and wife conveyed said property to James McClurg, upon a like trust; that on the 22d of December 1855, the sheriff of Allegheny county sold the interest of Alexander McClurg in said property to John P. Penny, who on July 22d 1857, conveyed the same to Robert McKnight; that the said Robert McKnight and wife, on June 25th 1870, conveyed said property to William A. McClurg, and that on the 21st of June 1870, the said James McClurg also conveyed said property to said William A. McClurg, the said Alexander McClurg signing said deed to testify his assent to the same, and for the express purpose of vesting a complete legal and equitable title in the said William A. McClurg.

"That on the 23d day of June 1871, the said William A. Mc-

[McClurg *v.* Schwartz.]

Clurg executed a mortgage on said property to James E. Schwartz and Henry P. Schwartz, executors of Jacob L. Schwartz, deceased, for the sum of $13,000, payable with interest, three years after the date of the said mortgage; that on the 21st day of November 1874, your petitioner preferred her bill of complaint in the Court of Common Pleas, No. 1, of said county, at No. 1217, Dec. T. 1874, praying, that her dower might be assigned to her, out of the freehold estates of her late husband, and on December 27th 1875, the said court made its decree, valuing and fixing your petitioner's dower at the sum of $3000 per annum, payable in quarterly instalments, to commence July 1st 1875, and charging five-sixths thereof, or the sum of $2500 per annum, on the said property.

" That on November 17th 1877, your petitioner filed a petition in the said equity suit, No. 1217, Dec. T. 1874, setting out that her dower was in arrear, and praying for the appointment of a suitable person to collect the rents of the property on Fifth avenue, subject to her dower, and apply the same, after payment of taxes, repairs or other proper charges, to the discharge of the said arrears of dower; that on January 19th 1878, the said court made its decree, appointing a sequestrator, pursuant to said petition, and directing a writ of sequestration to issue to him; that said sequestrator entered bail in pursuance of an order of court in that behalf, and has been ever since and is now, as such officer of said court, acting under its decree of sequestration, in the possession of the said property, and in the perception of the rents and profits thereof.

" That on the 30th day of April 1878, suit was brought on the said mortgage, in the name of James E. Schwartz, surviving Jacob L. Schwartz, deceased, for use of James E. Schwartz and George L. Griscom, for use of the estate of Jacob L. Schwartz, deceased, *v.* Wm. A. McClurg, to No. 178, July T. 1878, of this court, in which a scire facias was issued to the first Monday of May 1878, and returned nihil; that on May 28th 1878, an alias scire facias was sued out to the first Monday of June 1878, and also returned nihil; that on June 12th 1878, judgment against defendant in default *sec. reg.* was entered for $14,783.85.

" That your petitioner resides in Philadelphia, and has been sick and confined to her room and generally to her bed since the beginning of April 1878, about two months, and is now so confined; that she had no knowledge of said suit on the said mortgage, until the date of this affidavit, to wit: June 19th 1878, when the facts hereinbefore alleged, with respect thereto, were made known to her; that in the liquidation of said mortgage, there has no credit been allowed for interest paid on the mortgage-debt in excess of the rate authorized by law, and the amount of said usurious interest is not less than $1100, and probably exceeds twice that amount.

" Your petitioner further says, that she is in doubt as to the

[McClurg v. Schwartz.]

manner in which said judgment may affect her rights; that an execution has been issued on said judgment, No. 178, July T. 1878 (and a levy made), returnable to the first Monday of July next, and your petitioner is apprehensive that a sale of the said property under said writ may injuriously affect her claim on the same for her dower, which is now greatly in arrear.

"Your petitioner further says, that the acting executor of Alexander McClurg, Mr. S. Trevor McClurg, is now and has been for about a year or more, residing in the state of Maryland, and is not giving any attention to the business of said estate.

"Your petitioner therefore prays leave to intervene, and that the second writ of scire facias issued by the plaintiff in the suit on said mortgage, to No. 178, July T. 1878, may be quashed and the judgment entered thereon, set aside as being irregular; and that such other relief may be granted your petitioner as the court deem just and the nature of her proceeding requires."

In support of her application to intervene in these proceedings, petitioner filed an affidavit, which averred: that she and her late husband, Alexander McClurg, had been separated for about ten years prior to his death; that he was bitter and vindictive towards her, his children participating in said feelings; that some time prior to his death, about three years prior thereto, he conveyed nearly all his real estate, including that described in said mortgage, to his son, Wm. A. McClurg, without any consideration, and soon thereafter, procured mortgages to be made on the same, for about $100,000, the proceeds of which went to his children, or some of them; that affiant believes she will be able to prove, that the object of said conveyances and mortgages was to defeat her claim of dower; that at the time of her said husband's death, none of his real estate stood in his own name, but was in the name of Wm. A. McClurg and of S. Trevor McClurg, his sons and executors; that the said mortgagees when they took said mortgage, had constructive notice of the title of Alexander McClurg and of affiant's right of dower.

A rule was granted on the mortgage-creditors to show cause why the second scire facias should not be quashed and the judgment thereon set aside as being irregular.

The court, Ewing, P. J., subsequently refused the prayer of the petition, and discharged the rule, in an opinion holding that the petitioner was not specially interested in this proceeding, and that as she claimed, the title of William A. McClurg and of the mortgagees was subject to her right of dower, proceedings on the mortgage would not affect her. And, further, that the alias writ in this case was properly issued to a different return-day in the same term, and the sheriff's return of nihil to each writ justified the entry of the judgment.

Subsequently the court made the following order: "It appear-

ing to the court from the affidavit of Margaret McClurg, widow of Alexander McClurg, and also from proceedings at No. 1217, Dec. T. 1874, C. P. No. 1, that the said Margaret has an interest in the premises embraced in said mortgage, on motion of James M. Stoner, attorney for said Margaret, she is allowed to intervene *pro interesse suo*, to show, if she can, why said judgment should not be set aside, in order to allow her to take a writ of error in the case."

The petitioner took out this writ, as above stated, and assigned for error, the action of the court in discharging the rule to show cause.

*George P. Hamilton* and *James M. Stoner*, for plaintiffs in error. —The judgment having been taken on the ninth day after the return of the alias writ was premature and therefore void : Faunce *v.* Subers, 1 W. N. C. 248.

No counsel nor paper-book for defendants in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, November 11th 1878.

It may be conceded that on the facts set forth in Mrs. McClurg's petition and affidavit that the deed from her husband to William T. McClurg, followed as it was by the sheriff's sale of the interest of her husband and the subsequent conveyance to William A. McClurg, the mortgagor and defendant, were all intended to defraud her of her dower in the premises ; and that the mortgagees, when they took the mortgage, had constructive notice of the title of the husband and of her right, she would have had a strong equity to be allowed to intervene and to have a rule to show cause why the judgment should not be opened and she be let into a defence to the extent of her dower. Had she made out by depositions even probable grounds to support her allegations, no doubt the court would have opened the judgment : for as the case stands if the property under proceedings on this mortgage should pass into the hands of a bona fide purchaser without notice of the fraud she could not enforce her title against him. The sheriff's sale at law divested her dower. But this she did not ask to do. She petitioned to be allowed to intervene not to open but to set aside the judgment, and it was for that purpose only that she was allowed to intervene. What she sets up on this writ are simply irregularities, if they are such that the second scire facias was not made returnable to a proper return-day and the judgment by default was taken a day before it could properly be taken. The mortgagor and defendant, if he had appeared could have confessed judgment, and of course could have waived the irregularities in the proceedings. Mrs. McClurg has no right to assign these errors. Her appeal ought to have been

[McClurg v. Schwartz.]

to the equitable power of the court to allow her to defend *pro inter-esse suo* against the mortgage. Then if she had succeeded the judg-ment and sale under it would have been subject to her right of dower. If this judgment is reversed it can procure her but a short delay. The mortgage and first scire facias still stand and another scire facias can be issued upon it. Why this writ of error has been resorted to it is not easy to understand; especially as the refusal of the court below to open a judgment upon sufficient grounds laid is now the subject of review on appeal to this court. The final order of the court upon which this writ of error has issued is rather an anomalous one. The petitioner was allowed to inter-vene *pro interesse suo*, to show cause why said judgment should not be set aside in order to allow her to take a writ of error in this case. Yet this rule to show cause in the court below stands on the record open and undisposed of. On the whole we think it will be for the interest of the plaintiff to quash this writ of error, leaving her the opportunity which she still has to apply to have the judgment opened and to be let into a defence to the extent of her dower.

Writ of error quashed.